# In the United States Court of Federal Claims

No. 25-2010
Filed: January 22, 2026

---

|  |  |
|---|---|
| GWANJUN KIM, | ) |
| | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

---

## <u>ORDER</u>

Plaintiff GwanJun Kim, proceeding *pro se*, filed this action against the Administrative Law Judge that denied his claim for additional Social Security benefits. ECF No. 1. Plaintiff argues that this official has engaged in fraud by denying Plaintiff certain benefits, in addition to violating a Michigan civil rights statute. *Id*. at 3–5. Plaintiff also filed a motion for leave to proceed *in forma pauperis*, ECF No. 5.

Because Plaintiff moved to proceed *in forma pauperis*, the court conducted its evaluation of his complaint pursuant to 28 U.S.C. § 1915(e)(2). Given the court could not identify a claim within its jurisdiction, the court ordered Plaintiff to show cause why the complaint should not be dismissed for lack of subject-matter jurisdiction. *See generally* ECF No. 9. As the court explained, it lacks jurisdiction to hear claims for social security benefits because Congress vested that jurisdiction in the district courts. *Id*. at 2. The court also explained that it lacks jurisdiction over claims sounding in tort, claims arising under state law, and claims against individuals that Plaintiff appeared to assert in the complaint. *Id*. at 2–3.

Plaintiff responded quickly to the show cause order. ECF No. 10. According to Plaintiff, this court has jurisdiction because the Administrative Law Judge committed an *intentional tort* in denying his claim. *Id*. at 1–2. But this response only confirms that this court lacks jurisdiction under 28 U.S.C. § 1491(a)(1), which limits jurisdiction to claims "not sounding in tort." Thus, this court lacks jurisdiction to hear Plaintiff's claims.

Because the court is dismissing the complaint for lack of subject-matter jurisdiction, it considers whether transfer is appropriate under 28 U.S.C. § 1631. Section 1631 provides that, if the court concludes that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Here, Plaintiff indicated that he would like his case transferred if this court lacks jurisdiction, but he did not identify the court to

which transfer would be appropriate.  *See* ECF No. 10 at 2–3.  Because Plaintiff appears to reside in the Eastern District of Michigan,[1] the court assumes that is the district court to which Plaintiff would like the complaint transferred.

Transfer of the complaint in this case is inappropriate under Section 1631 because Plaintiff could not have filed this action before the Eastern District of Michigan on the date he filed here.  Plaintiff insists this is a tort claim, which means that, to proceed in district court, he would have to comply with the Federal Tort Claims Act ("FTCA").  But Plaintiff could not have filed his tort claim in district court on the date he filed here for at least two reasons, one of which is jurisdictional and incurable.

First, although the FTCA provides a waiver of sovereign immunity for certain tort claims, that waiver does not extend to all tort claims.  The FTCA's waiver of immunity "shall not apply to . . . [a]ny claim arising out of . . . misrepresentation [or] deceit."  28 U.S.C. § 2680(h).  Plaintiff alleges that the denial of his social security benefits constituted "fraud" and a "lie."  ECF No. 1 at 3, 5.  These allegations clearly allege misrepresentation or deceit, meaning that Plaintiff could not bring his complaint under the FTCA.  *See, e.g., Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 124 (6th Cir. 2003) (holding that the United States is immune to fraud claims under the FTCA).  Because the United States is immune to Plaintiff's fraud claims, he could not have filed them in district court.  This precludes transfer under Section 1631.

Second, putting aside the immunity issue, the FTCA also requires Plaintiff to file an administrative claim prior to bringing an action in district court.  28 U.S.C. § 2675(a).  In the Sixth Circuit, which includes the Michigan district courts, this is a mandatory claims processing rule.  *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 416–18 (6th Cir. 2024).  Here, Plaintiff has provided no evidence that he has filed any administrative claim under the FTCA, meaning that he could not have filed his tort claim in district court at the time he filed the complaint here, making transfer under 28 U.S.C. § 1631 inappropriate.

Even though Plaintiff insists that his claim is for a tort, it appears obvious that he is simply dissatisfied with the Administrative Law Judge's determination of his claim.  Given the court's leniency in reviewing *pro se* claims, the court considers whether it would be proper to transfer this case to the district court as an appeal on the merits regarding the denial of his social security claim.  It is not.  Assuming Plaintiff could have sought review of the Administrative Law Judge's decision directly in district court,[2] he would have had to file that case within sixty days of the final decision.  42 U.S.C. § 405(g).  Given the decision Plaintiff complains of is dated

---

[1] According to the complaint, Plaintiff resides in Rochester, Michigan.  ECF No. 1 at 5.  That city is in Oakland County, which is in the Eastern District of Michigan.

[2] There are typically four steps in the administrative review process for disputed disability claims.  *Heckler v. Day*, 467 U.S. 104, 107 (1984).  Plaintiff must exhaust these before seeking district court review, and the decision of the Administrative Law Judge is only step three.  *Id.*  The next step in the process would be for Plaintiff to take an appeal to the Department of Health and Human Services' Appeals Council.  *Id.*  It does not appear that Plaintiff has taken an appeal to the Appeals Council, meaning that he has not exhausted the administrative process.  This renders transfer inappropriate.

August 27, 2024, the window for district court review has long since closed.  Therefore, transfer under 28 U.S.C. § 1631 is inappropriate.

In the end, this court concludes that it lacks subject-matter jurisdiction to hear this case and declines to transfer it to district court.  For the avoidance of doubt, nothing in this order limits Plaintiff's ability to file a case in another court if he chooses.  It will be up to that court to determine for itself whether it has jurisdiction to hear Plaintiff's claims.

For these reasons, the court **DISMISSES** the complaint for lack of subject-matter jurisdiction.  The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge